Dear Mr. Besson:
Your request for an Attorney General's opinion has been forwarded to me for research and reply. In particular, you asked the following questions:
 1. Can a newly elected mayor void, cancel, or suspend sentences and fines imposed by an appointed magistrate as well as those finalized under the previous administration?
 2. Does the Chief of Police have to comply with the mayor's directives?
Under the prior law of La. R.S. 33:404, the mayor of a municipality, with the consent of the board of aldermen, could remit fines and forfeitures and vacate and annul penalties of all kinds imposed by the city court for violation of municipal ordinances. However, Acts 1985, No. 890 removed the language providing these powers. Currently, La. R.S. 33:404 (9) grants to the mayor,
 [a]ny other power or the ability to perform any other duty as may be necessary or proper for the administration of municipal affairs not denied by law.
This is worded as a catch-all provision which would seem to grant powers not specifically stated in the language of the statute. However, this subsection cannot be construed to grant the mayor powers which were deleted by the 1985 amendment to this statute, as the Legislature's cancellation of the power to remit fines and sentences was unquestionably deliberate. Therefore, it is the opinion of this office that the mayor of Grand Isle cannot engage in the remission of fines and sentences which are final absent the defendant's use of the proper procedural vehicle set for in La. C.Cr.P. arts. 881, et. seq. The mayor would have discretion concerning those proceedings which are pending before the mayor's court, even where a magistrate has been appointed to preside over the bench.
Regarding your second question, La. R.S. 33:404 (A)(1) provides in pertinent part:
 [T]he mayor shall have the following powers, . . . To supervise and direct the administration and operation of all municipal departments, offices and agencies, other than a police department with an elected chief of police. . .
Further, La. R.S. 33:404 (B) provides that:
 [T]he provisions of the section shall not be construed to alter, affect, or amend any powers, duties, and functions of any elected chief of police . . .
These two provisions of the statute at issue prohibit intrusions by the mayor into the powers and administrative functions granted to the police department and its chief of police. However, compliance with the mayor's request for outstanding warrants, unpaid fines or unperformed community service files would not infringe on the chief of police's powers and duties. The aforementioned La. R.S. 33:404 (9) grants the mayor power to request this information.
I hope the foregoing has adequately answered your questions. If our office can be of further assistance, please do not hesitate to contact us. With kindest regards, I remain
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ Frederick A. Duhy Assistant Attorney General